**EXHIBIT "1"**

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

CASE NO.: 2007-3665     DIVISION "B"

ACTIVE SOLUTIONS, L.L.C. AND
SOUTHERN ELECTRONICS SUPPLY, INC.

VERSUS
DELL INC., ET AL

JUDGMENT

On November 13, 2009, the Court entered a Partial Final Judgment (the "Partial Final Judgment") in accordance with the verdict rendered by the jury in this matter. Thereafter, on March 17, 2010, the following post-trial motions came for hearing: Dell Inc.'s Motion for Judgment Notwithstanding the Verdict; Greg Meffert's Motion for Judgment Notwithstanding the Verdict; NetMethods, LLC and Veracent, LLC's Motion for Judgment Notwithstanding the Verdict; and Active Solutions, LLC and Southern Electronics Supply Inc.'s Motion for JNOV or, Alternative, New Trial (collectively, the "JNOV Motions"). Active Solutions, LLC and Southern Electronics Supply Inc.'s Motion to Set Fees and Costs Pursuant to the Louisiana Unfair Trade Practices Act (the "Motion for Fees and Costs") also came for hearing on March 17, 2010. Appearing at the hearing were:

| | |
|---|---|
| Gladstone N. Jones, III<br>Lynn E. Swanson<br>Catherine E. Lasky | Counsel for Plaintiffs, Active Solutions, LLC and Southern Electronics Supply, Inc (collectively, "Plaintiffs") |
| Wayne J. Lee<br>Michael P. Kenny<br>Christopher A. Riley<br>Nicholas J. Wehlen | Counsel for Defendant Dell Inc. ("Dell") |
| Thomas Flanagan | Counsel for Defendants, NetMethods, LLC ("NetMethods") and Veracent, LLC ("Veracent") |
| Randall A. Smith<br>Michael W. Hill | Counsel for Defendant Gregory Meffert |

After hearing the argument of counsel, considering the pleadings, and exhibits submitted by the parties, and for the reasons assigned at the hearing and herein;

**IT IS ORDERED** that the JNOV Motions filed by Dell and NetMethods be and are hereby **GRANTED** as to the extent of the LUTPA Defendants' solidary liability under Louisiana Civil Code article 2324, and that judgment be and is hereby rendered in favor of Plaintiffs jointly and against the LUTPA Defendants as follows: the LUTPA Defendants are liable *in solido* with one another in the amount of $8,100,000.00 (representing 81% of the 10,000,000 that the jury awarded due to LUTPA violations), plus legal interest from the date of April 20, 2007. The LUTPA Defendants are not liable to Plaintiffs for damages that the jury attributed to the fault of Christopher Drake or the City of New Orleans;

**IT IS FURTHER ORDERED** that the JNOV Motion filed on behalf of Greg Meffert as to Count VI of the jury verdict and Partial Final Judgment is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs', Active Solutions, and Southern's Motion for JNOV/New Trial as to the jury's allocation of fault to the Plaintiff, Southern, with regard to their tortious interference of contract claim is **GRANTED**.

**IT IS ORDERED**, in accordance with the verdict rendered by the jury, Plaintiffs sustained damages in the amount of $3,500,000 as a result of the tortious interference claim. Fault associated with the tortious interference claim is apportioned as follows:

a. Greg Meffert is apportioned 56% of the fault associated with the tortious interference with contract claim;

b. Imagine Software is apportioned 44% of the fault associated with the tortious interference with contract claim.

**IT IS FURTHER ORDERED** that the JNOV Motions filed by Dell, NetMethods, Veracent, Gregory Meffert, and Plaintiffs are **DENIED** in all other respects.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Assess Fees and Costs be and is hereby **GRANTED** in part and **DENIED** in part. Plaintiffs are hereby awarded attorneys' fees in the amount of 42.5% of the $10,000,000 in damages awarded for violations of LUTPA. Legal interest shall run from November 13, 2009 until paid.

**IT IS FURTHER ORDERED** ordered that Plaintiffs are hereby awarded costs in the amount of $1,267,019.62. The LUTPA Defendants are liable *in solido* for the fees and costs

awarded to Plaintiffs pursuant to this Judgment.

**IT IS FURTHER ORDERED** that this Judgment be and is hereby designated as Final in accordance with Louisiana Code of Civil Procedure article 195(B)(1).

Judgment signed this 7th day of April, 2010, in New Orleans, Louisiana.

ROSEMARY LEDET
JUDGE

A TRUE COPY
DEPUTY CLERK, CIVIL DISTRICT COURT
PARISH OF ORLEANS
STATE OF LA.

ENTERED ON MINUTES
APR 09 2010

## Reasons For Judgment

Defendant's, Greg Meffert's, JNOV was taken under advisement for consideration of whether the jury's verdict finding him liable for intentionally interfering with Southern's contract with the City of New Orleans ("City") is legally consistent with the Court's judgment denying Plaintiff's claim for breach of contract.[1]

An action against a corporate officer for intentional and unjustified interference with contractual relations may be divided into separate elements: (1) the existence of a contract or a legally protected interest between the plaintiff and the corporation; (2) the corporate officer's knowledge of the contract; (3) the officer's intentional inducement or causation of the corporation to breach the contract or his intentional acts that make rendition of its performance impossible or more burdensome; (4) absence of justification on the part of the officer; and (5) causation of damages to the plaintiff by the breach of contract or difficulty of its performance brought about by the officer. *9 to 5 Fashions, Inc. v. Spurney*, 538 So.2d 228, 234 (La. 1989).

The evidence at trial shows that Meffert intentionally and without justification complained about Southern's performance, made unwarranted demands and created payment problems making it impossible for it to perform its contract with the City. Therefore, the Court's determination that the City did not breach it's contract with Southern doesn't affect the jury's finding against Meffert for tortiously interfering with its contract.

The Court agrees with Plaintiff that C.C. art. 2323C. prohibits an allocation of fault to Southern on the tortious interference with a contract claim. Consequently, the Court was presented with the problem of reapportioning the 27% of fault assigned to Southern by the jury. Equity dictates the 27% be equally divided between the defendants cast in judgment by the jury, Meffert and Imagine Software.

April 7, 2010

ROSEMARY LEDET
JUDGE

A TRUE COPY
DEPUTY CLERK, CIVIL DISTRICT COURT
PARISH OF ORLEANS
STATE OF LA.

ENTERED ON MINUTES
APR 09 2010

---

[1] Judgment was rendered in a bifurcated bench trial against the City of New Orleans on February 4, 2010.